**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIONE LUI,

Petitioner-Appellant,

v.

MIKE OBENLAND,

Respondent-Appellee.

No. 19-35744

D.C. No. 2:18-cv-00893-TSZ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted September 4, 2020**
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and SOTO,*** District Judge.

Washington state prisoner Sione Lui appealed the district court's denial of

his habeas petition alleging ineffective assistance of counsel. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

under 28 U.S.C. §§ 1291 and 2253 and review denials of habeas relief *de novo*. *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). We affirm.

After Lui was convicted of second-degree murder in state court and exhausted his appeals, he filed a state personal restraint petition alleging that his counsel had been ineffective for sleeping through trial, failing to adequately investigate scent-track evidence, and failing to object to detective testimony and closing argument statements. The Washington Court of Appeals denied his petition, and the Washington Supreme Court affirmed. Lui then filed a federal habeas petition, alleging the same ineffective assistance of counsel claims, which the district court denied upon the recommendation of the magistrate judge.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court may not grant relief with respect to any claim that a state court adjudicated "on the merits," unless that decision either: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Washington Supreme Court did not act contrary to clearly established federal law or unreasonably determine the facts in denying Lui relief.

First, the Washington Supreme Court acted in accordance with existing Supreme Court precedent in requiring a showing of prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), for petitioner's allegations of sleeping counsel. The Supreme Court has not extended the presumption of prejudice reserved for extraordinary cases of ineffective assistance by *United States v. Cronic*, 466 U.S. 648 (1984), to cases of sleeping counsel. The Supreme Court has also declined to categorically extend the doctrine to any temporary absence unless counsel's absence was during a "critical stage." *Woods v. Donald*, 575 U.S. 312, 317–18 (2015). The Washington Supreme Court was not required to extend the presumption of prejudice to a new context. *White v. Woodall*, 572 U.S. 415, 426 (2014). Nor was the state court's decision to apply *Strickland* to contested claims of sleeping counsel objectively unreasonable. The court noted that Lui had not cited any particular moment when counsel was allegedly sleeping, and the court's own review of the trial record disclosed no indication that counsel had slept or was inattentive.

Second, the Washington Supreme Court did not unreasonably apply *Strickland* to Lui's claims that his attorney failed to adequately investigate and present opposing expert testimony to rebut the state's scent-track evidence. Except in particularly egregious cases, claims of ineffective assistance of counsel are

3

analyzed under *Strickland*, which requires that a defendant demonstrate both that his counsel's performance was deficient and that counsel's deficient performance prejudiced him. 466 U.S. at 687. Review of counsel's performance is "highly deferential." *Id.* at 689–91 ("[S]trategic choices made after thorough investigation" are "virtually unchallengeable," and "strategic choices made after less than complete investigation" are reasonable if limited investigation is supported by "reasonable professional judgments."); *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000) (Counsel's tactical decisions at trial are "given great deference."). The Washington Supreme Court reasonably determined that counsel's performance was not deficient and that Lui was not prejudiced. The court deferred to counsel's consultation of an expert as well as his strategy of cross-examining rather than presenting opposing expert testimony. The court also found that Lui had failed to prove prejudice because the body of evidence against him was strong, even without the scent-tracking evidence. The Washington Supreme Court's application of *Strickland* was not unreasonable.

Third, the Washington Supreme Court's determination that Lui's counsel was not ineffective by his failure to object to improper detective testimony and closing argument statements was not unreasonable. The court determined that counsel's failure to object to the detective's improper testimony was not deficient

4

because the statements, which were elicited by counsel, reflected an apparent strategy to discredit the detective and lay the foundation for counsel's theory of the case. *Dows*, 211 F.3d at 487. The Washington Supreme Court's deference to counsel's trial strategy was not improper. The court also found that Lui was not prejudiced by counsel's failure to object to the prosecutor's closing argument because the improper statements were an isolated portion of an extensive closing argument that focused on the core evidence in support of the state's case against Lui. The Washington Supreme Court did not unreasonably apply *Strickland* to Lui's claims of ineffective assistance on these grounds.

Finally, the Washington Supreme Court did not err in denying Lui an evidentiary hearing on these claims. The Washington Supreme Court reasonably considered and rejected Lui's claims on the merits. *See Sumner v. Mata*, 449 U.S. 539, 546–47 (1981) (pre-AEDPA version of § 2254(d) requires state courts to have considered and rejected claims on the merits, but the statute does not "specify any procedural requirements."); *Lambert v. Blodgett*, 393 F.3d 943, 965–66, 967 (9th Cir. 2004) (The state court need only have "reached the merits of the petitioner's claim without dismissing it on procedural grounds.").

AFFIRMED.

5